

Alan Levine  VIA ECF
T: +1 212 479 6260
alevine@cooley.com

March 2, 2017

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York  10007

**Re:  LGC USA Holdings, Inc. v. Julius Klein Diamonds, LLC, *et al.*, 16 Civ. 5294**
**LGC USA Holdings, Inc. v. Julius Klein Diamonds, LLC, *et al.*, 16 Civ. 5352**

Dear Judge Furman:

We represent Respondents in the above-referenced cases. We write on behalf of Respondents and Petitioner in regard to the Court's February 16, 2017 Order regarding the continued sealing or redaction of filings previously made under seal or in redacted form in connection with Petitioner's motion to confirm and Respondents' motion to remand and dismiss or vacate the arbitration award.

Recognizing the strong presumption in favor of public access in federal court, the parties request only the limited redaction or sealing of certain exhibits submitted to the Court that contain the sensitive financial or tax information of the companies at issue or that reference the individual finances or taxes of witnesses in the arbitration.[1]

Specifically, the parties request that the following documents remain under seal or, where specified, be permitted to be filed with redactions:

*Financial statements, valuations, and tax documents*
- Affidavit of Chagit Sofiev-Leviev, dated June 30, 2016 – Exs. 8, 11, 42 (redact Ex. C)
- Declaration of Martin Klein, dated Aug.11, 2016 – Exs. 9, 10
- Reply Affidavit of Chagit Sofiev-Leviev, dated Sept. 13, 2016 – Exs. 10-30

*Excerpts of arbitration hearing transcript pertaining to confidential financial information*
- Declaration of Alan Levine, dated August 11, 2016
    - Ex. 1 (redact pp. 847-49, 853-54:5)
    - Ex. 11 (AD Klein Aff.), Ex. 28 (redact pp. 102:23-25, 105:4-17; 165:13-17)
- Reply Affidavit of Chagit Sofiev-Leviev, dated Sept. 13, 2016
    - Ex. 1
    - Ex. 3 (redact pp. 1682-85)
    - Ex. 5 (redact pp. 835-38)

---

[1] The parties recognize that, pursuant to Rule 6.A. of this Court's Individual Rules and Practices, redactions of individual financial information are permitted without Court approval. However, because the financial information at issue here pertains both to individuals and the parties' joint ventures, the parties seek the Court's permission for their proposed redactions.



March 2, 2017
Page Two

Under *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006), a court considering an application to file documents under seal must first determine whether the documents are "judicial documents" to which the presumption of public access applies. *Id.* at 119. If the presumption applies, the court must then "determine the weight of that presumption" since any given document "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (internal quotation marks and citation omitted). Finally, the court must take into account any competing considerations or countervailing factors weighing against public access and balance them against the presumption of access. *Id.* at 120.

As recognized in *Lugosch*, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* at 119 (internal quotation marks and citation omitted). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* Here, the exhibits the parties seek to seal or redact are of extremely limited or no relevance to any issue determined by the Court in its adjudication of the parties' motions. None were cited in the Court's opinion. (*See* Dkt. 36.) That should be the end of the analysis. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015) (exhibits "not considered by the Court in making its ruling on New GM's motion" were "not 'judicial documents' subject to the presumption in favor of public access"); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13 Civ. 6073 (PKC), 2013 U.S. Dist. LEXIS 167310 at *20-21 (S.D.N.Y. Nov. 25. 2013) (documents submitted to the court that "were immaterial to the analysis and outcome … do not constitute judicial documents for the purposes of *Lugosch*").

Moreover, even if the exhibits the could be considered "judicial documents," their irrelevance to the Court's determination renders them of negligible value to the public function of monitoring the courts on which the presumption of access is based. *See Saleem v. Corporate Transp. Group, Ltd.*, No. 12 Civ. 8450 (JMF), 2013 U.S. Dist. LEXIS 163934, at *31 (S.D.N.Y. Nov. 15, 2013) (allowing exhibits to remain under seal and explaining that, because the Court did not rely on information from the exhibits in rendering its decision, "the value of the information to those monitoring the federal courts is low"); *see also Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF) 2015 U.S. Dist. LEXIS 77181, at *23 (S.D.N.Y. June 15, 2015) (redactions allowed where materials for which redaction was sought were "of no relevance to the instant motion").

By contrast, public disclosure of the companies' confidential financial information would harm the companies' competitive position in the market. The companies at issue are dealers in rough and polished diamonds and diamond jewelry. Financial information about the assets of these companies and their valuation could readily be used counterparties to enhance their bargaining position and by competitors to lure customers. There is also no question that individuals have a right to safeguard the confidentiality of their private financial information. In this circumstance, any presumption in favor of public access that may exist should be accorded little weight when balanced against the strong privacy interests of the parties in individual and private company financial information. *See, e.g.*, *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, No. 14-CV-3419 (JMF), 2016 U.S. Dist. LEXIS 1083, at *43 n.7 (S.D.N.Y. Jan. 6, 2016) (companies' privacy interests in preventing public disclosure of private business figures not relied up on by the court outweighed presumption in favor of public access).

For the foregoing reasons, the parties respectfully request that the enclosed exhibits remain under seal or be permitted to be filed with the redactions proposed.



March 2, 2017
Page Three

Respectfully submitted,

Alan Levine

Enclosures (via email)

cc:   Counsel for Petitioner